ELISHA R. BITGOOD *vs.* HARRY O. WILLIAMS.

SAME *vs.* EDITH C. WILLIAMS.

JUNE 13, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. These are actions of trespass on the case for negligence arising out of a collision between an automobile owned and operated by plaintiff and an automobile owned by one defendant and operated by the other. The trial of the two cases together resulted in verdicts for the defendants. The trial justice rendered decisions denying plaintiff's motions for new trials on the usual grounds and also on the ground of newly discovered evidence, and the cases are before us on plaintiff's exceptions to said decisions.

The collision which is the basis of these actions occurred at 7:30 in the morning of October 5, 1926, about 300 feet south of the Cordwood Corners, so-called, on the Nooseneck Hill Road. The highway is cement, 18 feet wide, and has dirt shoulders on either side. South of the place of the accident the road is straight; north of that place it curves towards said Corners. All witnesses of the collision testified that there was an intermittent fog drifting over the highway. An employee of the State Board of Public Roads was just driving on to the road a steam roller which was emitting a cloud of heavy smoke. It was in the midst of this cloud of fog and smoke that the two automobiles, plaintiff's coming from the north and defendants' from the south, collided. Evidence as to the facts of the accident is directly conflicting. Each party introduced witnesses corroborating his own testimony that he was proceeding at a moderate

rate of speed, each on his own side of the road and exercising due care; that the other party was driving to the left of the center of the road; that, upon seeing the steam roller and the cloud of fog and smoke, each slowed up, but could not avoid the collision. The left front of plaintiff's car was struck and badly damaged, and as the vehicle was pushed backward the tie-rod bolt made on the road a deep mark the significance of which is variously interpreted by the two parties. The plaintiff shortly after the accident signed a statement regarding the collision somewhat at variance with his later testimony, which inconsistency he explained in some detail.

The witnesses introduced were operators of automobiles and trucks on said highway who saw one or the other of the two parties approaching the point of collision. None of them except the operator of the steam roller observed the actual collision because of the obscurity of smoke and fog. The steam-roller operator testified that immediately previous to the collision the defendants were on their right-hand side of the highway.

Taken as a whole the testimony was contradictory, and it was a question for the jury whether plaintiff had sustained the burden of proving his own exercise of due care and negligence on the part of the defendants. The jury resolved the question in favor of the defendants. This finding has the approval of the trial court, and following the doctrine enunciated in *Wilcox v. R. I. Co.*, 29 R. I. 292, we find no reason to sustain plaintiff's exception to the refusal of the court below to grant a new trial on the ground that the verdict is against the weight of the evidence.

The remaining exception of plaintiff is to the refusal to grant his motion for a new trial on the ground of newly discovered evidence. This evidence consists of the testimony of one Johnson who was passed by the plaintiff's automobile just before the accident and who stated that it was being operated slowly and with due care. This witness was summoned to appear in the Superior Court and was examined

by counsel for both parties and questioned by the court. It appeared that he had turned off the Nooseneck Hill Road at Cordwood Corners and did not see the collision, although he heard the crash. The court in its rescript points out that, although Johnson alleged he carefully observed the course of the plaintiff's car, he testified that he did not see the smoke and could not, therefore, furnish any light on the position of said car as it entered the obscured stretch of the highway, by which time it might have swerved over into the middle of the road. The rescript concludes: "In other words, Johnson's testimony simply showed where Bitgood's car was shortly prior to the accident but not at the exact time of its occurrence."

The trial court found that the newly discovered evidence would be unlikely to change the result of the trial and to this finding applied the rule enunciated in *Zoglio* v. *T. W. Waterman Co.*, 39 R. I. 396, wherein it is held that a new trial should be granted "if the newly discovered evidence would be likely to change the verdict." After an examination of the said evidence, in conjunction with the record, we are of the opinion that the trial justice did not err in finding that the same was insufficient to warrant a new trial.

All the plaintiff's exceptions are overruled and the cases are remitted to the Superior Court for the entry of judgment on the verdicts.

*George Hurley, Walter V. Connly,* for plaintiff.

*Greenough, Lyman & Cross, George Paul Slade,* for defendants.